REYNA, Circuit Judge,
dissenting.
The majority holds that the 2006 Veterans Act does not require the Department of Veterans Affairs (“VA”) to conduct a Rule of Two analysis in every procurement, as long as the VA satisfies its annual small business participation goals. I do not construe the 2006 Veterans Act as giving the VA discretion to decide whether to conduct a Rule of Two analysis. For this and other reasons set forth below, I respectfully dissent.

I.

The plain language of the 2006 Veterans Act unambiguously requires- VA contracting officers to conduct a Rule of Two analysis in every acquisition and does not ex *935 empt task or delivery orders under the Federal Supply Schedule (“FSS”) from this imperative. Despite the statute’s clarity, the majority guts the Rule of Two imperative of its full force and effect by holding that a Rule of Two analysis is not required for every contract “as long as the goals set under subsection (a) are met.” Maj. Op. at 933. Participatory goals, however, are aspirational, and an agency cannot refuse to set aside an acquisition solely because small businesses already receive a fair proportion of the agency’s contracts.[1] In relying entirely on prefatory language to second-guess Congress, the majority becomes policy maker and departs from our duty to enforce the proper interpretation of the statute regardless of our policy views.[2]
The statutory provision at issue could not be clearer. It provides that contracting officers “shall award contracts” on the basis of restricted competition whenever the contracting officer has a reasonable expectation that the Rule of Two will be satisfied:
(d) Use of restricted competition.— Except as provided in subsections (b) and (c), for purposes of meeting the goals under subsection (a), and in accordance with this section, a contracting officer of the Department shall award contracts on the basis of competition restricted to small business concerns owned and controlled by veterans if the contracting officer has a reasonable expectation that two or more small business concerns owned and controlled by veterans will submit offers and that the award can be made at a fair and reasonable price that offers best value to the United States.
38 U.S.C. § 8127(d) (emphasis added). This provision is part of a broader veteran-owned small business contracting program eongressionally tailored to the VA, which requires the Secretary of the VA to increase small business contracting opportunities by establishing annual participation goals for veteran-owned small businesses (“VOSB”) and service-disabled veteran-owned small businesses (“SDVOSB”) in VA acquisitions. Id. § 8127(a)(1). This statutory program confirms the imperative character of subsection (d). Specifically, for contracts below the simplified acquisition threshold ($150,000), VA contracting officers “may use procedures other than competitive procedures” in awarding contracts to veteran-owned small businesses. Id. § 8127(b) (emphasis added). Similarly, for acquisitions valued above the simplified acquisition threshold but below $5 million, VA contracting officers “may award a contract” to a veteran-owned small business using noncompetitive procedures as long as certain requirements are met. Id. § 8127(c) (emphasis added).
In contrast, subsection (d) of the 2006 Veterans Act applies to all VA acquisitions and requires VA contracting officers to conduct a Rule of Two analysis in every acquisition, without limitation. Unlike subsections (b) and (c), which use discretionary language (“may use” and “may award”), subsection (d) uses mandatory language (“shall award”), and does not otherwise give discretion to VA contracting officers to decide whether to conduct a *936 Rule of Two analysis. As the Supreme Court has noted, the word “shall” is ordinarily the language of command, and when the same statute uses both “may” and “shall,” the normal inference is that each is used in its usual sense and that the former is permissive, the latter mandatory.[3]
Consistent with the 2006 Veterans Act’s imperative, the Government Accountability Office (“GAO”) has sustained more than seventeen protests in response to the VA’s refusal to comply with § 8127(d).[4] As the GAO held, “The provisions of both the VA Act and the [VA Acquisition 'Regulation] are unequivocal; the VA ‘shall’ award contracts on the basis of competition restricted to SDVOSBs where there is a reasonable expectation that two or more SDVOSBs will submit offers and award can be made at a fair and reasonable price.” Aldevra, B405271, 2011 CPD ¶ 183 (Comp.Gen. Oct. 11, 2011). The GAO further concluded that “the VA Act requires, without limitation, that the agency conduct its acquisitions using SDVOSB set asides where the necessary conditions are present.” Id.
The majority summarily dismisses any reliance on the GAO’s construction, noting that “the VA was on firm ground in refusing to accept the GAO decision.” Maj. Op. at 929. Yet, we have long noted that GAO recommendations, although not binding, are nevertheless “instructive in the area of bid protests.”[5] The Court of Federal Claims routinely “ *give[s] due weight and deference’ to GAO recommendations ‘given the GAO’s long experience and special expertise in such bid protest matters.’ ”[6] The majority ignores that GAO’s experience and special expertise is such that “[a]n agency’s decision to disregard a GAO recommendation is exceedingly rare.” Id. Indeed, we recently acknowledged that “from 1997-2012, the GAO issued 5,703 merit decisions and sustained 1099 protests; during that period, an agency disregarded the GAO’s recommendation only ten times.” Id. at 1384-85. Hence, although not binding precedent, the GAO “plays an important role in the resolution of contested procurement decisions,” and its construction of the 2006 Veterans Act is consistent with § 8127(d)’s “unequivocal” imperative to conduct a Rule of Two analysis in every procurement. Honeywell, Inc. v. United States, 870 F.2d 644, 647-48 (Fed.Cir.1989).
II.
To override the clear imperative of § 8127(d), the majority relies on the provision’s prefatory language to reason that requiring a Rule of Two analysis in every VA procurement “makes the mandatory goal-setting statutory provision unnecessary.” Maj. Op. at 933. Prefatory language is introductory in nature and does nothing more than explain the general purpose for the Rule of Two mandate. The Supreme Court has noted, albeit in the context of constitutional construction, that “apart from [a] clarifying function, a prefatory clause does not limit or expand the scope of the operative clause” and that *937 operative provisions should be given effect as operative provisions, and prologues as prologues. District of Columbia v. Heller, 554 U.S. 570, 578, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008). Here, the operative clause is that VA contracting officers must award contracts on the basis of restricted competition if they have a reasonable expectation that the Rule of Two will be satisfied, a mandate that cannot be limited by its prologue.
The majority takes an unusual step of collecting extrinsic evidence to show that “[t]he VA has consistently met the mandatory goals for procurement from SDVOSBs and VOSBs in each year since the Veterans Act of 2006 went into force[.]” Maj. Op. at 934. While the exact rationale for exploration outside the record is not clear, the majority apparently rests on these statistics to conclude that “there is no reason to compel the Secretary to set aside any contract for a Rule of Two inquiry” where the goals were met for the time period in question. Id. This is an improper construction of the statute, as it adds a limitation that does not exist in the plain words of the statute. “Statutory construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose.” Engine Mfrs. Ass’n v. South Coast Air Quality Mgmt. Dist., 541 U.S. 246, 253, 124 S.Ct. 1756, 158 L.Ed.2d 529 (2004). Moreover, these statistics were not before the Court of Federal Claims or relied upon by either party, but were provided in response to a request during oral argument. As the appellant notes, the VA submission does not identify the source of the data and “appears to have been created specifically in response to the Court’s request in this litigation.” ECF# 50, Appellant Letter to Court (Apr. 2, 2014). Significantly, there is no evidence in the record to show that VA contracting officers rely on, or have access to, these types of data in making contracting decisions, and the GAO has explicitly held that an agency’s belief it has satisfied -its small business goals does not affect its obligation to conduct a Rule of Two analysis.[7] In sum, the majority’s use of this extrinsic evidence is post hoc rationalization constructed to shore-up an otherwise unsound construction of the statute.
III.
The majority’s reliance on the phrase “for purposes of meeting the goals” is also belied by the VA’s own regulations, which contain no such language. Specifically, in 2009, the VA issued regulations reiterating the imperative to conduct a Rule of Two analysis in every acquisition. See 48 C.F.R. §§ 819.7005, 817.7006. These regulations, which use the mandatory phrase “shall set-aside,” do not contain the phrase “for purposes of meeting the goals” or any other mention of the goals.[8] The VA’s *938 regulations thus unequivocally require the VA to conduct a Rule of Two analysis in every procurement, which is consistent with the agency’s authority to write regulations as broadly as it wishes, subject only to the limits of the statute. Auer v. Robbins, 519 U.S. 452, 468, 117 S.Ct. 905, 137 L.Ed.2d 79 (1997). The majority downplays the regulation’s imperative by pointing to the preamble to the regulations. Maj. Op. at 928 (quoting 74 Fed.Reg. 64,-619, 64,624 (Dec. 8, 2009)). Again, statements made in a preamble as part of the notice-and-comment process cannot override the unambiguous language of the regulations themselves. That is, where the enacting or operative parts of a statute or regulation are unambiguous, the meaning of the statute or regulation cannot be controlled or limited by the language in the preamble.[9] Accordingly, the VA’s refusal to conduct a Rule of Two analysis before proceeding to the FSS is at minimum a violation of its own regulations, if not also a violation of § 8127(d).
rv.
The majority does not address the practical implications of its decision in light of the VA’s existing obligation under the Federal Acquisition Regulation (“FAR”) to conduct a Rule of Two analysis in nearly every acquisition exceeding $3,000. FAR 19.502-2.[10] By holding that the 2006 Veterans Act’s Rule of Two provision is discretionary, the majority effectively renders § 8127(d) superfluous and unnecessary in light of the FAR’s existing Rule of Two requirement. Although the FAR exempts task or delivery orders awarded under FSS contracts from the general Rule of Two requirement, see FAR 19.502-l(b), the 2006 Veterans Act is devoid of any similar language that would allow the VA to proceed directly to the FSS without first conducting a Rule of Two analysis. Hence, the majority’s holding reads this exemption into § 8127(d) and expands the VA’s discretion to decide when to conduct a Rule of Two analysis, thereby undermining the statutory role of § 8127(d).
The majority, on the other hand, finds mischief in requiring contracting officers to continue conducting Rule of Two analy-ses after the agency’s goals are met. The majority concludes that requiring a Rule of Two analysis in every VA procurement would render the goal-setting provision superfluous, as “the goal would be whatever number the Rule of Two produces, regardless of the Secretary’s preference.” Maj Op. at 932. The majority seemingly believes it is bad policy to require an agency to continue efforts to award contracts to small businesses once its participation goals are met, overlooking that participation goals are aspirations, not destinations. Indeed, the FAR explicitly provides that an agency may not refuse to set aside an acquisition solely on the basis that small businesses are “already receiving a fair proportion of the agency’s contracts *939 for supplies and services.” FAR 19.502-6(f).
The mischief feared by the majority is further refuted by the discretion retained by contracting officers in how they perform a Rule of Two analysis. Because the Rule of Two requires contracting officers to set aside an acquisition only if they have a reasonable expectation that (i) offers will be made by at least two responsible small businesses, and (ii) award will be made at fair market prices, contracting officers are entitled to exercise their business judgment in determining whether these two conditions are met. See 38 U.S.C. § 8127(d); FAR 19.502-2. The contracting officer’s decision not to set aside a procurement is subject to a “highly deferential rational basis review” and will not be overturned absent a showing that his or her business judgment was unreasonable.[11] The contracting officer is not required to use any particular method of assessing small business availability, and factors such as “prior procurement history, market surveys and/or advice from the agency’s small business specialist and technical personnel may all constitute adequate grounds for a contracting officer’s decision not to set aside a procurement.” Raven Servs. Corp., B-243911, 91-2 CPD ¶203 (Comp.Gen. Aug. 27, 1991). The Rule of Two, therefore, does not diminish the contracting officer’s discretion to ultimately conclude that there is (or is not) a reasonable basis for setting aside any given procurement for small businesses.
The majority’s reticence to requiring agency advancement of small business participation beyond the aspirational goals is due to a misapprehension of the interplay between a Rule of Two analysis and agency-wide goals. The former is undertaken by the contracting officer on a contract-by-contract basis, while the latter are set by the head of the agency and inform the agency’s entire procurement process. Under the majority’s rationale, the participation goals established under the Small Business Act would also be rendered superfluous by the FAR’s existing Rule of Two requirement, which applies in nearly every acquisition. See 15 U.S.C. § 644(g)(1); FAR 19.502-1. Such an outcome would overturn more than thirty years of federal procurement law upholding the Rule of Two as a legitimate method of ensuring that agencies award a “fair proportion” of contract dollars to small businesses.[12] In fact, the FAR requires agencies to conduct a Rule of Two analysis under FAR 19.502-2 regardless of whether the agency’s “small business goals have already been satisfied.” LBM, Inc., B290682, 2002 CPD ¶ 157 (Comp.Gen. Sept. 18, 2002).
The real mischief here is that the majority opinion would saddle contracting officers with the obligation in every acquisition to determine the status of the agency’s small business goals—expressed as percentages of total awarded contract *940 dollars—but does not elaborate on how contracting officers can determine that these goals have been “met” before the end of the fiscal year. Participation goals require agency officials to consider a range of factors in their broader acquisition policies well before a solicitation is issued or an individual contract is contemplated. The majority thus errs when it asserts that an obligatory Rule of Two requirement would obviate the goal-setting provision of the 2006 Veterans Act.
V.
In sum, the majority adopts an untenable construction of the 2006 Veterans Act by holding that the agency need not perform a VOSB Rule of Two analysis for every contract, as long as the goals set under subsection (a) are met. The majority’s holding deprives the Rule of Two mandate of its force and effect, it impedes congressional objectives regarding set asides, and it renders § 8127(d) inoperative and unnecessary. For these reasons, I dissent.

. 48 C.F.R. § ("FAR”) 19.502-6(f); see also LBM, Inc., B-290682, 2002 CPD ¶ 157 (Comp.Gen. Sept. 18, 2002).

. See Harbison v. Bell, 556 U.S. 180, 198, 129 S.Ct. 1481, 173 L.Ed.2d 347 (2009) (Thomas, J., concurring) (noting that it “ 'is not within our province to second-guess' the 'wisdom of Congress’ action’ by picking and choosing our preferred interpretation from among a range of potentially plausible, but likely inaccurate, interpretations of a statute” (quoting Eldred v. Ashcroft, 537 U.S. 186, 222, 123 S.Ct. 769, 154 L.Ed.2d 683 (2003))).

. Anderson v. Yungkau, 329 U.S. 482, 485, 67 S.Ct. 428, 91 L.Ed. 436 (1947); see also Kentucky, Educ. Cabinet, Dep’t for the Blind v. United States, 424 F.3d 1222, 1227 (Fed.Cir.2005).

. U.S. Gov’t Accountability Office, B-158766, GAO Report to Congress for Fiscal Year 2012 (Nov. 13, 2012).

. Centech Grp., Inc. v. United States, 554 F.3d 1029, 1038 n. 4 (Fed.Cir.2009) (citing Planning Research Corp. v. United States, 971 F.2d 736, 740 (Fed.Cir.1992)).

. CMS Contract Mgmt. Servs. v. United States, 745 F.3d 1379, 1384 (Fed.Cir.2014) (quoting Baird Corp. v. United States, 1 Cl.Ct. 662, 668 (1983)) (alteration in original).

. LBM, Inc., B-290682, 2002 CPD ¶ 157 (Comp.Gen. Sept. 18, 2002); see also FAR 19.502-6© (noting that agencies cannot refuse to set aside an acquisition solely on the basis that “[s]mall business concerns are already receiving a fair proportion of the agency's contracts for supplies and services").

. The VA Acquisition Regulation provides:
(a) The contracting officer shall consider SDVOSB set-asides before considering VOSB set-asides. Except as authorized by 813.106, 819.7007 and 819.7008, the contracting officer shall set-aside an acquisition for competition restricted to SDVOSB concerns upon a reasonable expectation that,
1) Offers will be received from two or more eligible SDVOSB concerns; and
2) Award will be made at a fair and reasonable price.
48 C.F.R. § 819.7005 (emphasis added); see also id. § 819.7006 (applying same set-aside regulation to VOSBs). The exceptions mentioned at 48 C.F.R. §§ 813.106, 819.7007, and *938 819.7008 relate to sole-source awards and are thus not relevant to this appeal.

. Wyoming Outdoor Council v. U.S. Forest Serv., 165 F.3d 43, 53 (D.C.Cir.1999) (quoting Assoc. of Am. Railroads v. Costle, 562 F.2d 1310, 1316 (D.C.Cir.1977)).

. The FAR contemplates two situations in which the contracting officer must conduct a Rule of Two analysis. For acquisitions exceeding $3,000 but less than $150,000, the contracting officer must award the contract on the basis of restricted competition unless he or she makes an affirmative finding that the Rule of Two is not reasonably expected to be satisfied. Id. § 19.502-2(a). For acquisitions exceeding $150,000, "[t]he contracting officer shall set aside" the acquisition for small businesses "when there is a reasonable expectation that” the Rule of Two will be met. Id. § 19.502-2(b) (emphasis added).

. Res-Care, Inc. v. United States, 735 F.3d 1384, 1390 (Fed.Cir.2013); see also Information Ventures, Inc., B-294267, 2004 CPD ¶ 205 (Comp.Gen. Oct. 8, 2004); Benchmade Knife Co., Inc. v. United States, 79 Fed.Cl. 731, 738 (2007).

. See, e.g., Adams & Associates, Inc. v. United States, 741 F.3d 102, 110 (Fed.Cir.2014) (rejecting the argument that a " 'fair proportion’ determination must be made on a contract-specific basis”); Delex Sys., Inc., B400403, 2008 CPD ¶ 181 (Comp.Gen. Oct. 8, 2008) (noting that "[t]he origin of the Rule of Two predates the FAR” and that "it has been adopted as the FAR’s implementation of the [Small Business] Act’s requirements”); Federal Acquisition Regulation (FAR) “Rule of Two”, 49 Fed.Reg. 40,135, 40,136 (Oct. 12, 1984) ("This method of implementing the fair proportion of total contracts has been upheld by the Courts and the Comptroller General.”).